**SILVERMANACAMPORA LLP**
Attorneys for the Debtor
100 Jericho Quadrangle-Suite 300
Jericho, New York 11753
Anthony C. Acampora
Brian Powers

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re:

Chapter 7

SCOTT WIENER,                       Case No.: 18-13042 (JLG)

                    Debtor.

----------------------------------------------------------x

### DECLARATION OF BRIAN POWERS IN
### <u>SUPPORT OF MOTION TO WITHDRAW AS COUNSEL TO THE DEBTOR</u>

**BRIAN POWERS**, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury:

1.    I am an associate of the firm of SilvermanAcampora LLP ("**SilvermanAcampora**"), with offices located at 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753. I am duly admitted to practice law before this Court and the courts of the State of New York.

2.    I submit this declaration (the "**Declaration**") in further support of the motion (the "**Motion**")[1] of SilvermanAcampora for an order authorizing SilvermanAcampora to withdraw as counsel of record for Scott Wiener, the above-referenced chapter 7 debtor (the "**Debtor**") in his chapter 7 bankruptcy proceeding.

3.    In an attempt to spare the Debtor from SilvermanAcampora laying out the details of the breakdown of the attorney-client relationship, as well as to preserve applicable attorney-client privileges, SilvermanAcampora initially filed the Motion to withdraw solely based upon the Debtor's termination of SilvermanAcampora as his counsel. The Debtor's termination of SilvermanAcampora occurred via telephone call on February 27, 2019, with both myself and Anthony Acampora, the Partner-in-Charge of SilvermanAcampora (the "**February 27 Call**").

---

[1] Capitalized terms used but not otherwise defined herein shall have the same meanings given to them in the Motion.

4.     During the February 27 Call, the Debtor repeatedly used vulgar language towards myself and Mr. Acampora, which on more than one occasion became so abusive that we were forced to hang up the phone.  Each time that we hung up the phone, the Debtor immediately called back and continued his tirade.  During the February 27 Call, the Debtor also threatened to file a legal action against SilvermanAcampora, and on several occasions threatened to report me, personally, to the Grievance Committee of the Office of Court Administration.

5.     Shortly after the February 27 Call, during which the Debtor terminated the services of SilvermanAcampora, the Debtor sent me an e-mail which, among other things, confirmed that SilvermanAcampora no longer represented the Debtor.[2]  As required by the New York Rules of Professional Conduct, because SilvermanAcampora was discharged as counsel, SilvermanAcampora filed the Motion later that day.  Additionally, as requested by the Debtor on the February 27 Call, SilvermanAcampora provided the Debtor with the contact information for the Trustee's counsel and authorized the Trustee's counsel to speak directly with the Debtor.

6.     On March 7, 2019, the Debtor sent me an e-mail which confirmed that he intended to file a grievance against me with the Office of Court Administration, and also stating that he would not do so if SilvermanAcampora handled a certain legal matter for him.  I replied to the Debtor's e-mail by stating that, because the Debtor discharged SilvermanAcampora as his counsel and the Motion was scheduled for presentment before the Court six (6) days later, that SilvermanAcampora could not assist the Debtor with the matter.  Later that day, the Debtor replied by e-mail that based upon my correspondence, he would be opposing the Motion and would "add that to [his] ethics complaint against" me.

---

[2] In order to preserve attorney-client privilege, the e-mails referenced in this Declaration have not been filed with the Court.  However, SilvermanAcampora has served the Debtor with copies of all referenced e-mails concurrently with this Declaration, and the e-mails are available for *in camera* inspection by the Court.

7. At all times during SilvermanAcampora's representation of the Debtor, including on the February 27 Call, both I and other SilvermanAcampora attorneys have acted in a professional, respectful manner towards the Debtor. Unfortunately, however, due to the Debtor's conduct as described herein, the attorney-client relationship between SilvermanAcampora and the Debtor has irretrievably broken down and SilvermanAcampora can no longer continue to represent the Debtor in accordance with the New York Rules of Professional Conduct.

Dated: Jericho, New York
      May 10, 2019

                              **SILVERMANACAMPORA LLP**
                              Attorneys for the Debtor

                    By:     *s/ Brian Powers*
                              Brian Powers
                              Member of the Firm
                              100 Jericho Quadrangle, Suite 300
                              Jericho, New York 11753
                              (516) 479-6300