NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
*In re*:                                                             :      Case No. 18-13042 (JLG)
                                                                           :      Chapter 7
Scott Wiener,                                                  :
                                                                           :
                                     Debtor.        :
-------------------------------------------------------------x

# MEMORANDUM DECISION AND ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL TO DEBTOR

**A P P E A R A N C E S**:

Scott Wiener
9830 Mariposa Lane, Apt. 105
Wauwatosa, WI 53226

*Debtor*, *pro se*


SILVERMANACAMPORA LLP
Anthony C. Acampora, Esq.
Brian Powers, Esq.
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753

*Attorneys of Record to the Debtor*

**HON. JAMES L. GARRITY, JR.**
**UNITED STATES BANKRUPTCY JUDGE**

The matter before the Court is the motion by SilvermanAcampora LLP (the "Firm"), counsel of record to Scott Wiener, the chapter 7 debtor herein (the "Debtor"), for an order pursuant to Rule 2090 – 1(e) of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Firm to withdraw as Debtor's counsel. *See Notice of Presentment of Motion to Withdraw as Counsel to the Debtor* [ECF No. 28] (the "Motion").[1] The Debtor objects to the Motion. *See Objection to Motion* [ECF No. 33] (the "Objection"). For the reasons set forth herein, the Court overrules the Objection and grants the Motion.

## Jurisdiction

The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 1334(a) and 157(a) and the Amended Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York (M-431), dated January 31, 2012 (Preska, C.J.). This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

## Procedural Background

On February 27, 2019, the Firm filed the Motion, including a declaration of Anthony Acampora, a member of the Firm, in support of the Motion (the "Acampora Declaration"). The Firm contends that there is "cause" for this Court to permit it to withdraw as Debtor's counsel because the Debtor "informed" the Firm that he no longer wanted the Firm to represent him in this case, and, in substance, Rule 1.16(b) of the New York Rules of Professional Conduct mandates that a lawyer withdraw from a representation if the lawyer is discharged. Motion ¶¶ 6, 8-9. On March 8, 2019, the Debtor, acting *pro se*, filed the Objection in the form of a letter to the Court. The Debtor did not deny that he had informed the Firm that he no longer wanted the

---

[1] Citations to "ECF No. ___" refer to filings in this case on the Court's electronic docket, Case No. 18-13042.

1

Firm to serve as his counsel in this case, or otherwise contest the substance of the Motion. Nonetheless, in the Objection, he purported to serve notice that he continued to "require Brian Powers of the Silverman Acampora Firm to serve as my counsel as agreed when the bankruptcy petition was filed." That is because there is potentially at least one unresolved matter in the case: by agreement, the chapter 7 trustee's and United States Trustee's time to object to the Debtor's discharge pursuant to sections 523(a) and 727(a) of the Bankruptcy Code have been extended to July 15, 2019, and the Debtor may require the assistance of counsel to resolve such an objection, if filed. The Objection is concise and to the point. In its entirety, it states, as follows:

> I have received the stipulation extending time to object to the discharge of my bankruptcy case. As this case is not yet resolved I am providing notice that I will continue to require Brian Powers of the Silverman Acampora Firm to serve as my counsel as agreed when the bankruptcy petition was filed. I appreciate you [sic] attention to this matter. Please let me know if there is anything else you need from me.

On April 25, 2019, the Court commenced the hearing on the Motion. The Debtor (appearing telephonically) contested the Motion by essentially reiterating the substance of his Objection. In the face of the Debtor's apparent change of heart regarding the Firm's continued representation of him in this case, the Firm contended that there were additional grounds to grant it the relief it is seeking in the Motion that the Firm had not raised in support of the Motion. In substance, the Firm contended that the Court should permit it to withdraw as the Debtor's counsel because there has been a complete breakdown of the Firm's attorney-client relationship with the Debtor. The Court declined to permit the Firm to raise that new issue at the hearing, but, on the consent of the parties, adjourned the hearing to afford the Firm an opportunity to supplement the Motion. The Court adjourned the hearing to May 30, 2019, and fixed May 10 and May 28, respectively, as the last day for the Firm to supplement the Motion and for the Debtor to supplement his Objection. *See Order Adjourning Hearing on Motion to Withdraw as*

*Counsel to Debtor and Setting Briefing Schedule* [ECF No. 43].  On May 10, 2019, the Firm filed a Memorandum of Law in Support of Motion to Withdraw as Counsel to the Debtor [ECF No. 44] (the "Supplemental Memorandum") and a declaration of Brian Powers, an associate attorney at the Firm [ECF No. 45] (the "Powers Declaration"), in support of the Motion.  The Debtor did not respond to those submissions.  On or about May 29, 2019, the Court further adjourned the hearing on the Motion to June 18, 2019 and extended that Debtor's time to supplement his response to the Motion to June 13, 2019.  The Debtor did not file any additional response.  On June 18, 2019, the Court conducted a hearing on the Motion.  The Debtor did not appear at the hearing.  After hearing argument on the Motion, the Court granted it and advised that a Memorandum Decision and Order would follow.

## Facts

On October 5, 2018 (the "Petition Date"), the Debtor, with the Firm acting as his counsel, filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in this Court.  *See Voluntary Petition for Individuals Filing for Bankruptcy* [ECF No. 1] (the "Chapter 7 Petition"). Alan Nisselson, Esq. is the Court–appointed chapter 7 trustee of the Debtor's estate (the "Trustee").  On the Petition Date, the Firm filed a Disclosure of Compensation form pursuant to Bankruptcy Rule 2016(b) wherein it disclosed that the Debtor paid $2,000 to the Firm for services "rendered or to be rendered" on behalf of the Debtor in this case.  *See* Chapter 7 Petition at 48.

The Firm maintains that in furtherance of its retention by the Debtor, it represented the Debtor at his initial section 341(a) meeting of creditors and has ensured that all required documents have been filed in the Debtor's case and that the Debtor has timely complied with requests from the Trustee.  Acampora Declaration ¶ 4.  The Firm contends that the Debtor

3

terminated its services during a telephone call on February 27, 2019 between the Debtor and Messrs. Acampora and Powers (the "February 27 Call"). *See* Powers Decl. ¶ 3. In substance, Mr. Powers asserts that during that telephone call, the Debtor: (i) repeatedly used vulgar language towards him and Mr. Acampora; (ii) threatened legal action against the Firm; and (iii) on several occasions threatened to report Mr. Powers to the Grievance Committee of the Office of Court Administration. *See id.* ¶ 4. Mr. Powers says that shortly after that call ended, the Debtor sent him an email "which, among other things, confirmed that [the Firm] no longer represented the Debtor." *Id.* ¶ 5 (footnote omitted). Mr. Powers asserts that the Firm filed the Motion later that day, because the Debtor had discharged the Firm as counsel, and the New York Rules of Professional Conduct mandate that the Firm file such motion. *Id.* That day, as requested by the Debtor during the February 27 Call, the Firm provided the Debtor with the contact information for the Trustee's counsel and authorized the Trustee to speak directly with the Debtor. *Id.* Mr. Powers says that on March 7, 2019, the Debtor sent him an email in which the Debtor allegedly confirmed that he intended to file a grievance against Mr. Powers with the Office of Court Administration but stated that he would not do so if the Firm handled a certain legal matter for him. *Id.* ¶ 6. Mr. Powers asserts that he replied to the email by stating, in substance, that the Firm could not assist the Debtor with the matter because the Debtor had discharged the Firm as his counsel, and the Motion was scheduled for presentment before this Court six days later. *Id.* Mr. Powers says that "[l]ater that day, the Debtor replied by email that based on my correspondence, he would be opposing the Motion, and would 'add that to [his] ethics complaint against' me." *Id.*

## Discussion

Local Bankruptcy Rule 2090-1(e) governs the withdrawal of counsel in cases filed in this Court. It states: "[a]n attorney who has appeared as attorney of record may withdraw or be

replaced only by order of the Court for cause shown." *Id.* The rule is "an adaptation of S.D.N.Y. Local Civil Rule 1.4 and as such informs the Bankruptcy Court's local rule." *Goldstein v. Albert (In re Albert)*, 277 B.R. 38, 45 (Bankr. S.D.N.Y. 2002). Rule 1.4 states, in relevant part:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar[.]

*Rule. 1.4 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York* (hereinafter, "Local Rule 1.4"). Whether cause exists to grant a motion to withdraw as counsel is in the discretion of the trial court. *See, e.g.*, *Stair v. Calhoun*, 722 F. Supp. 2d 258, 264 (E.D.N.Y. 2010) ("Whether to grant or deny a motion to withdraw as counsel falls to the sound discretion of the trial court.") (internal quotation marks and citations omitted). *See also Whiting v. Lacara*, 187 F.3d 317, 320-21 (2d Cir. 1999) (reviewing district court's denial of motion to withdraw under abuse of discretion standard and observing, "[t]he trial judge is closest to the parties and the facts, and we are very reluctant to interfere with district judges' management of their very busy dockets."). In exercising that discretion, the court must consider (i) the reasons for withdrawal and (ii) the impact of the withdrawal on the timing of the proceeding. *See, e.g., Star Funding, Inc. v. Vault Minerals, LLC*, Case No. 15-CV-03026 (GBD)(SN), 2017 WL 7790610, at *1 (S.D.N.Y. Aug. 31, 2017); *Szulik v. Tag Virgin Is., Inc.* No. 12 C 1827, 2013 WL 6009945, at *1 (S.D.N.Y. Nov. 13, 2013). The Court undertakes that analysis below.

*There are Good Reasons to Permit the Firm to Withdraw as Debtor's Counsel*

New York's Rules of Professional Conduct, N.Y. Comp. Codes R. & Regs. tit. 22, § 1200.0 (hereinafter, the "NYRPC"), "govern[] the conduct of attorneys in federal courts sitting in New York as well as in New York state courts." *See  SEC v. Gibraltar Global Securities,* No. 13 Civ. 2575 (GBD)(JCF), 2015 WL 2258173 at *2 (S.D.N.Y. May 8, 2015); *see also In re Bruno*, 327 B.R. 104, 108 (Bankr. E.D.N.Y. 2005) ("Bankruptcy courts in New York apply New York's Code of Professional Responsibility to ethical disputes.") (citing *Kittay v. Kornstein*, 230 F.3d 531, 537 (2d Cir. 2000)).[2]   Codes of Professional Responsibility, like the NYRPC, provide guidance to courts in determining what constitutes "good cause" for granting a motion to withdraw as counsel.  *See, e.g.*, *Whiting v. Lacara*, 187 F.3d at 321 (citing Model Code of Professional Responsibility); *Joseph Brenner  Assocs., Inc. v. Starmaker Entm't, Inc.*, 82 F.3d 55, 57 (2d Cir. 1996) (citing New York's Code of Professional Responsibility); *Vachula v. Gen. Elec. Capital Corp.*, 199 F.R.D. 454, 457-58 (D. Conn. 2000) (citing Connecticut's Rules of Professional Conduct).

Rule 1.16 of the NYRPC is entitled "Declining or Terminating Representation."  Among other things, it addresses both mandatory and permissive withdrawal of counsel.  The Firm contends that there are good reasons for the Court to grant the Motion and permit it to withdraw as Debtor's counsel because (i) the Debtor terminated its retention on February 27, 2019 and, as such, pursuant to Rule 1.16(b), it must withdraw from its representation of the Debtor and (ii) the

---

[2]    The NYRPC were promulgated as Joint Rules of the Appellate Divisions of the New York State Supreme Court, effective April 1. 2009, and as subsequently amended.  *See In re Placeres*, 561 B.R. 354, 364, n.15 (Bankr. S.D.N.Y. 2016).  They supersede the former Disciplinary Rules of the Code of Professional Responsibility.  *Marin v. Constitutional Realty, LLC*, 28 N.Y. 3d 666, 669, n.2 (N.Y. 2017) ("The Rules of Professional Conduct replaced the Code of Professional Responsibility as the governing rules for attorney conduct in New York effective April 1, 2009."); *In re Cardillo*, 994 N.Y.S. 2d 593, 596, n.2 (N.Y. App. Div. 1st Dept. 2014) ("Effective April 1, 2009, the New York Rules of Professional Conduct replaced the New York Code of Professional Responsibility.").

6

attorney-client relationship between the Firm and the Debtor has "irretrievably broken down" such that it should be permitted to withdraw as Debtor's counsel under Rule 1.16(c). *See* Supplemental Memorandum at 1-3; Powers Decl. ¶¶ 3-7. The Court considers those arguments below.

Rule 1.16(b) of the NYRPC governs mandatory withdrawals of counsel and states, in relevant part, that: "a lawyer shall withdraw from the representation of a client when : . . . (3) the lawyer is discharged[.]" *See* NYPRC, Rule 1.16(b)(3).[3] When a client discharges a firm from its employment, and the firm accepts such discharge, the court should grant a motion to withdraw "except under the most compelling circumstances." *See Figueroa v. City of New York*, No. 11 CV 3160 (ARR), 2017 WL 9481013, at *1 (E.D.N.Y. Nov. 9, 2017) (quoting *Casper v. Lew Lieberbaum & Co., Inc.*, No. 97 Civ. 3016 (JGK) (RLE), 1999 WL 335334, at *4 (S.D.N.Y. May 26, 1999)). It is undisputed that the Debtor terminated the services of the Firm and that the Firm accepted that discharge. That the Debtor has expressed an interest in continuing to utilize the services of Mr. Powers is not, standing alone, a "compelling circumstance" that warrants denial

---

[3] Notwithstanding the rule on mandatory withdrawals, Rule 1.16(d) of the NYRPC provides that attorneys representing clients before a tribunal cannot withdraw pursuant to Rule 1.16 if the tribunal's rules require otherwise and must "continue representation notwithstanding good cause for terminating the representation" when "ordered to do so by a tribunal." *See* NYRPC, Rule 1.16(d). This Court is a tribunal and, as evidenced by Local Bankruptcy Rule 2090-1(e), it has rules governing attorney withdrawals. *See In re Chase*, 372 B.R. 142, 151 (Bankr. S.D.N.Y. 2007) (applying N.Y. Code of Professional Responsibility). Accordingly, unless this Court grants the Motion, the Firm cannot withdraw from its representation of the Debtor. *See In re Chase*, 372 B.R. at 152 (finding counsel violated Local Bankruptcy Rule 2090-1(e) and New York Professional Code of Responsibility where it withdrew in the middle of trial without Court's permission); *see also Matter of McHale*, 76 N.Y.S.3d 555, 557, 559 (N.Y. App. Div. 1st Dep't. 2018) (noting in reciprocal disciplinary proceedings that attorney's effective abandonment of debtor's North Carolina bankruptcy case without first seeking court permission to withdraw would be a violation of Rule 1.16(d) of the NYRPC); *Davidoff Hutcher & Citron LLP v. Smirnov*, 41 N.Y.S.3d 881, 881 (N.Y. App. Div. 1st Dep't 2016) ("[W]here [counsel] was required to seek permission to withdraw, it was required to continue to zealously represent [clients] until the court granted its motion to withdraw[.]").

of the Motion. *See Casper*, 1999 WL 335334, at *4. In *Casper*, the client discharged counsel of record in an action pending in the United States District Court for the Southern District of New York. *Id.* at *1-2. Thereafter, counsel sought permission to withdraw as counsel pursuant to Local Rule 1.4, arguing that they were required to do so by DR § 2-110(B)(4) of New York's Code of Professional Responsibility. *Id.* The client, through newly retained counsel, advised that it wanted to re-establish its attorney-client relationship with counsel and, on that basis, objected to the motion. *Id.* at *2. In overruling the objection, the court found that because counsel had been discharged by the client, pursuant to DR § 2-110(B)(4), counsel was required to withdraw as counsel. *Id.* at *4 ("The contract having been terminated, [clients'] offer to reestablish the attorney-client relationship must fail in the absence of acceptance by [counsel]."). Moreover, the court noted that there were no compelling circumstances justifying denial of the motion because the evidence showed that "there [were] irreconcilable differences which prevent[ed] [counsel] and [clients] from functioning in a relationship of trust," and because "[t]he Court's failure to issue an order [permitting counsel to withdraw] would in effect cause a new contract for representation." *Id*. It is undisputed that the Debtor discharged the Firm as his bankruptcy counsel on or about February 27, 2019. Under the NYRPC, that gave rise to an obligation on the part of the Firm to withdraw as Debtor's counsel. *See* NYRPC, Rule 1.16(b)(3). As in *Casper,* that the Debtor may wish to re-establish an attorney-client relationship with the Firm is not a good reason to deny the Motion. The Debtor terminated the Firm's services and the Firm was required to seek to withdraw as Debtor's counsel. The Court cannot and will not compel the Firm to represent the Debtor. *See Casper*, 1999 WL 335334, at *4; *see also In re Application to Unseal the Dockets and Contents Thereof in 98 CR 1101,* No. 12 MC 150 (ILG), 2012 WL 4802013, at *6 (E.D.N.Y. Oct. 9, 2012) (granting motion to withdraw and

8

reasoning "[t]o hold that [counsel] must continue to represent [client] is to force-feed an unwilling law firm upon an unwanted client[.]"). Accordingly, the Firm has established grounds under Rule 1.16(b) to withdraw as Debtor's counsel herein. *See Casper*, 1999 WL 335334, at *4; *see also Awolesi v. Shinseki*, 31 F. Supp. 3d 534, 538 (W.D.N.Y. 2014) (granting motion to withdraw on the basis of client's discharge of counsel); *SEC v. Gibralter*, 2015 WL 2258173, at *2 (observing client's discharge of counsel is satisfactory reason for granting withdrawal motion); *Steele v. Bell*, No. 11 Civ. 9343(RA), 2012 WL 6641491, at *2-3 (S.D.N.Y. Dec. 19, 2012) (same).

Rule 1.16(c) of the NYRPC governs permissive withdrawals of counsel. As relevant, it provides that "a lawyer may withdraw from representing a client when . . . (7) the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively[.]" *See* NYRPC, Rule 1.16(c). "[T]he existence of an irreconcilable conflict between attorney and client is a proper basis for an attorney to cease representing his client." *Generale Bank, New York Branch v. Wassell*, No. 91 Civ. 1768 (PKL), 1992 WL 42168, at *1 (S.D.N.Y. Feb. 24, 1992) (citing *inter alia* New York Code of Professional Responsibility); *see also Preeya v. Fancy 57 Cleaners, Inc.*, No. 11 Civ. 1522 (RJS), 2012 WL 12884417, at *1 (S.D.N.Y. Sept. 24, 2012) ("It is well-established that irreconcilable differences are a proper basis for withdrawal[.]") (internal citations and quotation marks omitted); *Cantineri v. Carrere*, 964 N.Y.S.2d 439, 439-440 (N.Y. App. Div. 4th Dept. 2013) (applying Rule 1.16(c)(7) of the NYRPC, reversing lower court ruling, and granting withdrawal motion).

The Firm argues that the attorney-client relationship between the Firm and the Debtor has "irretrievably broken down" and the Firm "can no longer continue to represent the Debtor in

accordance with the New York Rules of Professional Conduct." *See* Powers Decl. ¶ 7. The Debtor does not contend otherwise. The uncontroverted evidence shows that: (i) the Debtor repeatedly used vulgar language towards Messrs. Powers and Acampora on the February 27 Call; (ii) the Debtor threatened to file a legal action against the Firm; (iii) the Debtor threatened to report Mr. Powers to the Grievance Committee of the Office of Court Administration and file an ethics complaint against him; and (iv) the Debtor terminated the Firm shortly after the February 27 Call. *See* Powers Decl. ¶¶ 4-6.

The foregoing demonstrates that there are irreconcilable differences between the Firm and the Debtor. That provides grounds under NYRPC, Rule 1.16(c) for the Firm to withdraw as Debtor's counsel. *See Cahill v. Donahoe,* 10-CV-6107W, 2014 WL 3339787, at *1 (W.D.N.Y. July 3, 2014) (granting motion to withdraw where client's threat to file grievance against attorney evidenced breakdown in attorney-client relationship); *Casper*, 1999 WL 335334, at *5 (permitting withdrawal where there was a fundamental breakdown of trust between attorney and client); *McGuire v. Wilson*, 735 F. Supp. 83, 85 (S.D.N.Y. 1990) (denying motion to "reopen" unopposed prior motion to withdraw where "[t]he affidavits filed on this motion establish that the relationship between the parties has deteriorated beyond repair[.]"); *see also Bankers Trust Co. v. Hogan*, 589 N.Y.S.2d 338 (N.Y. App. Div. 1st Dept. 1992) (reversing lower court order denying motion for leave to withdraw because there was sufficient evidence to conclude client rendered it unreasonably difficult for counsel to carry out employment effectively, including by making verbal threats against the firm).

Accordingly, the Firm has established good grounds to withdraw as Debtor's counsel herein because its continued representation of the Debtor will run afoul of Rules 1.16(b) and 1.16(c) of the NYRPC.

*Impact of Firm's Withdrawal on the Prosecution of Chapter 7 Case*

In addition to determining whether there are good grounds for permitting the Firm to withdraw as the Debtor's counsel, the Court must consider the posture of the case, and the impact that the Firm's withdrawal will have on the prosecution of this case. "In addressing motions to withdraw as counsel, district courts have typically considered whether 'the prosecution of the suit is [likely to be] disrupted by the withdrawal of counsel.'" *Whiting v. Lacara*, 187 F.3d at 320 (alteration in original) (quoting *Brown v. National Survival Games, Inc.*, No. 91-CV-221, 1994 WL 660553, at *3 (N.D.N.Y. Nov. 18, 1994)). In cases like this one, where the Court has determined that the Firm's continued representation of the Debtor will run afoul of NYRPC Rule 1.16(b), matters of judicial economy take a back seat to the Rules of Professional Conduct, and counsel may be permitted to withdraw irrespective of the of the impact on the litigation. "Considerations of judicial economy weigh heavily in favor of our giving district judges wide latitude in these situations, but there are some instances in which an attorney representing a plaintiff in a civil case might have to withdraw even at the cost of significant interference with the trial court's management of its calendar." *Id.* at 321 (noting that if the Rules of Professional Conduct mandate that an attorney withdraw as counsel, "by denying a counsel's motion to withdraw, even on the eve of trial, a court would be forcing an attorney to violate ethical duties and possibly to be subject to sanctions."). *See also Awolesi v. Shinseki*, 31 F. Supp. 3d at 538 ("Even where a local court rule requires a court order to withdraw, 'when counsel has been discharged—and agreed to the termination—the order to withdraw should issue except under the most compelling circumstances.'") (quoting *Casper*, 1999 WL 335334, at *4)). Typically, a court will deny counsel's request to withdraw in a case in which "the client's rights will be prejudiced by the delay necessitated in obtaining replacement counsel or because the court's trial calendar will be adversely affected." *Welch v. Niagara Falls Gazette,* No. 98-

11

18-13042-jlg    Doc 53    Filed 06/21/19    Entered 06/21/19 15:01:19    Main Document
Pg 13 of 14

CV-0685E(M), 200 WL 1737947, at *3 (W.D.N.Y. Nov. 17, 2000). That is not the case here. The Debtor will not be prejudiced, and the Court's calendar will not be adversely affected by the Firm's exit, because the Debtor is not a party to any pending litigation and the Court is not aware of any threatened litigation. The Trustee and the Debtor have stipulated to an extension of the deadline to object to the Debtor's discharge (*see* [ECF No. 48]), and the current deadline is set for July 15, 2019. There is nothing in the record that suggests that the Debtor will not be able to retain new counsel, if he so desires, in the event the Trustee challenges the Debtor's discharge.[4] Accordingly, irrespective of whether the Firm's withdrawal is mandatory or discretionary, such withdrawal will not adversely impact the prosecution of this chapter 7 case.

[*Continues on Following Page*]

---

[4] The Court notes that on June 5, 2019, the Trustee filed a motion for approval of a stipulation that would settle a preference claim against the Debtor's mother which concerns transfers of $121,774.88 in the aggregate made by the Debtor to his mother during the one-year period leading up to the case. *See Trustee's Motion Pursuant to 11 U.S.C. § 105(a) and Federal Rule of Bankruptcy Procedure 9019 For Approval of Stipulation and Order Settling Claims and Causes of Action of the Debtor's Estate* [ECF No. 51] (the "9019 Motion"). Pursuant to the 9019 Motion, the Trustee requests approval of a settlement whereby the Debtor's mother would pay $25,000 to the Trustee to resolve the claim. *See* 9019 Motion at 10. Although the Settlement has not been approved, and the Debtor is not a party to the Settlement, the Debtor has agreed to pay, and has paid, the $25,000 on behalf of his mother who is elderly and allegedly "judgment-proof." *See id.*; *see also Stipulation and Order Settling claims and Causes of Action of the Debtor's Estate*, attached as Exh. A to 9019 Motion (the "Stipulation") at 3, 7. As the 9019 Motion does not affect the Debtor—save for his voluntary action of paying the Stipulation proceeds on behalf of his mother—it does not impact the Court's analysis on the Motion.

**Conclusion**

For the reasons discussed above, the Court finds that the Firm has established good cause to withdraw as Debtor's counsel, and that its withdrawal from this case will not adversely impact the prosecution of the Debtor's chapter 7 case. Accordingly, under Local Bankruptcy Rule 2090-1(e), the Firm is permitted to withdraw as Debtor's counsel herein. The Court overrules the Objection and grants the Motion. The Firm's withdrawal is effective as of June 18, 2019.

IT IS SO ORDERED.

Dated: New York, New York
     June 21, 2019

/s/ *James L. Garrity, Jr.*
Hon. James L. Garrity, Jr.
United States Bankruptcy Judge